## UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
## AT BECKLEY

STEVE MARTIN,

    Plaintiff,

v.                                           CIVIL ACTION NO. 5:25-cv-00443

MARY STONE and
HUMAYAN RASHID, MD, and
WEXFORD HEALTH SOURCES, INC., and
JOHN/JANE DOE MEDICAL PROVIDERS,

    Defendants.

### MEMORANDUM OPINION & ORDER

Pending is Defendants' Motion to Dismiss [ECF 8], filed August 15, 2025; Defendants' Motion to Stay Pending Ruling on the Motion to Dismiss [ECF 17], filed September 9, 2025; and Plaintiff counsels' Motion to Withdraw [ECF 22], filed November 6, 2025.

### I.

Plaintiff Steve Martin was a pretrial detainee at Southern Regional Jail ("SRJ") from January 21, 2023, to September 6, 2023. [ECF 4 at ¶ 10]. On August 1, 2025, Mr. Martin filed an Amended Complaint, alleging the following claims: (1) Count I – "Medical Negligence," (2) Count II – "42 U.S.C. § 1983 – Fourteenth Amendment Violations." [*Id.*].

### II.

"The authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted." *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962). "A district court has inherent authority to dismiss a case for failure to

prosecute" pursuant to *Federal Rule of Civil Procedure* 41(b). *United States ex. rel. Curnin v. Bald Head Island Ltd.*, 381 Fed. Appx. 286, 287 (4th Cir. 2010) (citing *Doyle v. Murray*, 938 F.2d 33, 34 (4th Cir. 1991)).

### III.

On November 6, 2025, all counsel for Mr. Martin submitted a Motion to Withdraw pursuant to Local Rule 83.4(c). [ECF 22]. The motion states good cause exists inasmuch as counsel have been unable to contact Mr. Martin despite diligent efforts. [*See id.*].

On December 1, 2025, the Court scheduled a motion hearing for December 17, 2025, directed counsel to forward Mr. Martin a copy of the Order, ordered Mr. Martin to appear in person, and notified him "that his failure to appear [would] result in dismissal of this action for failure to prosecute under [Rule] 41(b)." [ECF 25]. At the hearing, Counsel for Mr. Martin, Amanda Taylor, confirmed that Plaintiff's counsel sent a copy of the December 1, 2025, Order to Mr. Martin. [*See* ECF 27]. Nevertheless, Mr. Martin failed to appear.

*Local Rule of Civil Procedure* 83.4(c) states "[a]n attorney who seeks to withdraw other than under LR 83.4(a) or (b) must move to withdraw and must show good cause." L. R. Civ. P. 83.4(c). The Court **GRANTS** the Motion to Withdraw inasmuch as it is supported by good cause. [ECF 22].

*Local Rule of Civil Procedure* 41 allows the Court to dismiss for failure to prosecute where "the parties have shown no interest in further prosecution" after the Court provides "notice . . . that the action will be dismissed" in 30 days unless good cause is shown. L. R. Civ. P. 41.1. In determining whether to dismiss a case involuntarily, a Court considers: "(i) the degree of personal responsibility of the plaintiff; (ii) the amount of prejudice caused the defendant, (iii) the existence of a history of deliberately proceeding in a dilatory fashion, and (iv) the existence of a sanction

less drastic than dismissal." *Ballard v. Carlson*, 882 F.2d 93, 95 (4th Cir. 1989); *see also Attkisson v. Holder*, 925 F.3d 606, 625 (4th Cir. 2019), *as amended* (June 10, 2019) (directing district courts to weigh the aforementioned four factors but acknowledging the analysis is an inquiry into the facts of each case rather than "'a rigid four-prong test'" (quoting *Hillig v. C.I.R.*, 916 F.2d 171, 174 (4th Cir. 1990))).

Plaintiff was provided notice, 30 days have elapsed since the date of notice, and no good cause has been shown. *See* L. R. Civ. P. 41.1. Mr. Martin's personal responsibility and overall failure to prosecute this civil action are apparent, there appears to be no available sanction less drastic than dismissal, and Defendants will not be prejudiced by dismissal. Accordingly, the case is **DISMISSED WITHOUT PREJUDICE** to repleading in accordance with the West Virginia Savings Statute.

## IV.

Based upon the foregoing discussion, the Court **GRANTS** the motion to withdraw [**ECF 22**] and **DISMISSES WITHOUT PREJUDICE** the case. The Motion to Dismiss [**ECF 8**] and Motion to Stay Pending Ruling on the Motion to Dismiss [**ECF 17**] are **DENIED AS MOOT**.

The Clerk is directed to transmit copies of this Order to all counsel of record and any unrepresented parties.

ENTER: January 12, 2026



Frank W. Volk
Chief United States District Judge